O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CELESTIAL INC., | ) | Case No. CV 12-00132 DDP (SSx) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY** |
| v. | ) ) | **DISCOVERY, AND TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE** |
| SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3 C96C65BEB882 on December 15, 2011 | ) ) ) ) | **DISMISSED FOR LACK OF PERSONAL JURISDICTION** [Docket No. 8] |
| Defendants. | ) ) | |

Presently before the court is Plaintiff Celestial, Inc.'s Motion for Leave to Take Discovery Prior to Rule 26 Conference ("Motion"). Having reviewed Plaintiff's moving papers, the court denies the Motion, orders Plaintiff to show cause why this matter should not be dismissed for lack of personal jurisdiction, and adopts the following Order.

**I. BACKGROUND**

Plaintiff Celestial, Inc. ("Celestial") is a California corporation that produces, markets, and distributes adult films. Celestial has filed multiple actions in this court, each alleging

that two or more Defendant "Does" reproduced and distributed infringing copies of Celestial's copyrighted film "Moms Pimp Their Daughters No. 3," using BitTorrent technology.[1]  (Mot. at 2-3.) According to Celestial, "BitTorrent is a peer-to-peer file sharing protocol for distributing and sharing data on the Internet." Instead of "downloading a file from a single source, the BitTorrent protocol allows users to join a group of hosts (or 'swarm') to download and upload from each other simultaneously." (Compl. ¶ 29.)

    Here, Celestial hired IPP International UG ("IPP") to "locate and document infringing copies of its copyright protected works on bit torrent networks." (Mot. at 3.) IPP then used an unspecified "proprietary technology" to identify the IP addresses of devices involved in the downloading and uploading of the film at issue, at a particular date and time. (Decl. of Tobias Fieser in Supp. of Mot. ¶¶ 11-14.) Celestial now seeks the court's permission to serve subpoenas on relevant Internet service providers ("ISPs"), to obtain the names, addresses, and other identifying information of the subscribers associated with the IP addresses - currently named as the Defendant "Does."

**II.   DISCUSSION**

    Generally, a party may not conduct discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure ("Rule") 26(f).  See <u>SBO Pictures, Inc. v. Does 1-3036</u>, No. 11-4220, 2011 WL 6002620, at *2 (N.D. Cal. Nov. 30, 2011). However, a court may authorize early discovery "for the parties'

---

[1] Each action alleges contributory infringement and negligence as well.

2

and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(2). The moving party must show good cause for the early discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Other concerns are also at issue in actions like these, "where the identity of alleged defendants will not be known prior to the filing of a complaint." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). As the Ninth Circuit has held, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

District courts have further developed this standard where the unknown defendants are anonymous internet users, taking into account the First Amendment concerns involved. See SaleHoo Group, Ltd. v. ABC Co., 722 F. Supp. 2d 1210, 1213-17 (W.D. Wash. 2010) (discussing the relevant decisions and requirements imposed); Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 558, 564-65 (S.D.N.Y. 2004) (holding that "a person who uses the Internet to download or distribute copyrighted music without permission is engaging in the exercise of speech, albeit to a limited extent.").

Celestial asks the court to follow the majority of district courts in this Circuit and apply the standard set forth in Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-79 (N.D. Cal. 1999). Under Columbia, the moving party must: "(1) identify the defendant

3

with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information." SBO Pictures, 2011 WL 6002620, at *2. Other courts, however, have imposed a more stringent third requirement - that the plaintiff "submit evidence sufficient to defeat summary judgment" or "make a prima facie evidentiary showing." SaleHoo Group, 722 F. Supp. 2d at 1216 (finding the prima facie standard appropriate); see also Brief of Amicus Curiae Electronic Frontier Foundation in Support of Motion to Quash Subpoena, First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011) (No. 1:10-cv-06254), at 19-20 (arguing in favor of the summary judgment standard).

The court need not decide among these variations here, as Celestial's discovery request fails even under Columbia's more-lenient "motion to dismiss" standard. In particular, the court finds that Celestial's Complaint would not survive a motion to dismiss for lack of personal jurisdiction. Celestial does not address jurisdiction at all in its Motion. In its Complaint, however, Celestial alleges that Defendants "reside in, solicit, transact, or are doing business within the jurisdiction," because "[g]eo locating tools" have placed the IP addresses of the Doe Defendants in California. But Celestial also states that it "does not make any representations as to the reliability or level of

accuracy of IP address geo-location tools." (Compl. ¶¶ 2-3 & n.1) Nor does Celestial provide any details regarding the tools used or the results.

Celestial also alleges in its Complaint that its film displays "the title of the work, the name of the producer, and the Woodland Hills, California address of the producer." Contrary to Celestial's suggestion, this allegation alone is insufficient to support a finding that "Defendants expressly aimed their tortious acts against" a California company, as required for specific jurisdiction. See Liberty Media Holding, LLC v. Tabora, No. 11-cv-651, 2012 WL 28788, at *2-7 (S.D. Cal. Jan. 4, 2012) (granting defendant's motion to dismiss for lack of personal jurisdiction, after explaining in detail the insufficiency of similar allegations).[2]

Accordingly, because Celestial's Complaint would not survive a motion to dismiss, the court denies Celestial's Motion without prejudice. Celestial can move again for early discovery if it is able to adequately address personal jurisdiction, as well as the other significant issues raised by courts in similar actions - most

---

[2] Cf. On The Cheap, LLC v. Does 1-5011, --- F.R.D. ----, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011)("Plaintiff also asserted that by virtue of their 'swarming' activity, the out-of-state defendants have engaged in concerted activity with the California defendants. The problem with this theory is that since plaintiff could have filed this lawsuit in any state, the logical extension would be that everybody who used P2P software such as BitTorrent would subject themselves to jurisdiction in every state. This is a far cry from the requirement that 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State,' which is the hallmark of specific jurisdiction." (footnote omitted)).

5

notably, with regard to joinder.³  Further, in light of the jurisdictional issue, the court hereby orders Celestial to show cause why the matter should be not dismissed on this ground.

**III. CONCLUSION**

For all of these reasons, the court hereby DENIES Celestial's Motion for early discovery.  Additionally, the court orders Celestial to file a brief, not to exceed ten pages, by March 30, 2012, to show cause why this matter should not be dismissed for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: March 23, 2012

DEAN D. PREGERSON
United States District Judge

---

³ See, e.g., Hard Drive Prods., Inc. v. Does 1-188, 809 F. Supp. 2d 1150, 1157-65 (N.D. Cal. 2011); On The Cheap, 2011 WL 4018258, at *1-5; SBO Pictures, 2011 WL 6002620, at *3-4; Hard Drive Prods. v. Does 1-33, No. C 11-03827, 2011 WL 5325530, at *3-5 (N.D. Cal. Nov. 3, 2011); AF Holdings, LLC v. Does 1-97, No. C 11-3067, 2011 WL 5195227, at *2-3 (N.D. Cal. Nov. 1, 2011); MCGIP, LLC v. Does 1-149, No. C 11-02331, 2011 WL 4352110, at *3-4 (N.D. Cal. Sept. 16, 2011); Boy Racer, Inc. v. Does 1-60, No. C 11-01738, 2011 WL 3652521, at *2-4 (N.D. Cal. Aug. 19, 2011).