D. Gill Sperlein (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff Celestial, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

| | |
|---|---|
| CELESTIAL, INC, <br><br> Plaintiff, <br><br> vs. <br><br> SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON **DECEMBER 15, 2011** and DOES 1 and 2, <br><br> Defendants. | ) CASE NO.: C-12-132 DDP (SSx) <br> ) <br> ) **PLAINTIFF CELESTIAL INC.'S** <br> ) **RESPONSE TO ORDER TO SHOW** <br> ) **CAUSE WHY MATTER SHOULD** <br> ) **NOT BE DISMISSED FOR LACK OF** <br> ) **PERSONAL JURISDICTION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

    Plaintiff Celestial, Inc. (Celestial) filed a motion for leave to take early discovery. [ECF No. 8] The Court issued its Order Denying Plaintiff's Motion for Leave to Take Early Discovery, and Order to Show Cause Why the Matter Should Not Be Dismissed for Lack of Personal Jurisdiction (Order to Show Cause). [ECF No. 9] Celestial responds.

i

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT.......................................................................................................... 2

    I.    This Matter Should Not Be Dismissed for Lack of Personal Jurisdiction Because Analysis of Personal Jurisdiction Is Premature. .................................... 2

    II.   Plaintiff Filed Its Complaint in This Court Because It Has a Good Faith Belief That the Court Holds Personal Jurisdiction over the Defendants. ......... 4

    III.  Courts Must Allow Jurisdictional Discovery, If a Party Would Otherwise Suffer Actual and Substantial Prejudice. ............................................................. 8

CONCLUSION ................................................................................................... 10

**Cases**

*AF Holdings, LLC v. Does 1-97*, C 11-3067 CW, 2011 WL 5195227 (N.D. Cal. Nov. 1, 2011) .... 2

*Boy Racer, Inc. v. Does 1-60*, C 11-01738 SI, 2011 WL 3652521 (N.D. Cal. Aug. 19, 2011) ........ 2

*Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975) ............................................... 9

*Call of the Wild, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.D.C. 2001) ................................... 4

*Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860 (3d Cir.1977) ......................................................... 9

*Data Disc, Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280 (9th Cir.1977) ................................ 9

*First Time Videos, LLC v. Does 1-95*, C 11-3822 MEJ, 2011 WL 4724882 (N.D. Cal. Oct. 7,
    2011) ................................................................................................................................................ 5

*Hard Drive Productions v. Does 1-33*, C 11-03827 LB, 2011 WL 5325530 (N.D. Cal. Nov. 3,
    2011) ................................................................................................................................................ 2

*Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150 (N.D. Cal. 2011) ..................... 2

*IO Group, Inc. v. Does 1-19*, C 10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010) ............ 3

*Kilpatrick v. Texas & P. Ry.*, 72 F. Supp. 635 (S.D.N.Y.1947) ......................................................... 8

*Liberty Media Holding, LLC v. Tabora*, No. 11-cv-651, 2012 WL 28788 (S.D. Cal. Jan 4, 2012) . 7

*Liberty Media Holdings, LLC v. Does 1-62*, 11-CV-575-MMA NLS, 2012 WL 628309 (S.D. Cal.
    Feb. 24, 2012) .................................................................................................................................. 4

*London-Sire Records, Inc. v. Doe* 1, 542 F. Supp. 2d 153, 180-81 (D. Mass. 2008) ........................ 4

*Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901 (11th Cir.1984) ..................................... 9

*Marshall v. McCown Deleeuw & Co.*, 391 F. Supp. 2d 880 (D. Idaho 2005) ................................. 9

*MCGIP, LLC v. Does 1-149*, C 11-02331 LB, 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011) ....... 2

*MCGIP, LLC v. Does 1-30*, C11-03680 HRL, 2011 WL 3501720 (N.D. Cal. Aug. 10, 2011) ........ 5

*On The Cheap, LLC v. Does 1-5011*, C10-4472 BZ, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) 2

*OpenMind Solutions, Inc. v. Does 1-39*, C 11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7,
    2011) ................................................................................................................................................ 5

*Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001) ................................. 8

*People Pictures, LLC v. Group of Participants in Filesharing Swarm Identified by Hash: 43F4CFD05C115EE5887F680B0-CA73B1BA18B434A*, CIV.A. 11-1968 JEB, 2011 WL 6758462 (D.D.C. Dec. 23, 2011) ........................................................................................ 6

*Pink Lotus Entm't, LLC v. Does 1-46*, C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011).......................................................................................................................... 5

*SBO Pictures, Inc. v. Does 1-3036*, 11-4220 SC, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011).... 2

*Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556 (S.D. NY, 2007) ......................................... 4

*TGA v. Doe*, 10 C 5603, 2011 WL 7444064 (N.D. Ill. Sept. 26, 2011) ........................................... 6

*W. Coast Prods. v. Doe*, 275 F.R.D. 9 (D.D.C. 2011) ...................................................................... 4

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F. 2d 406 (9th Cir. 1977) .............................. 8

# INTRODUCTION

Plaintiff Celestial, Inc. filed a series of fifteen complaints in the Central District of California to recover damages caused by the infringement of its works through bit torrent networks.[1, 2] Due to the nature of the infringement Plaintiff cannot identify the infringers without subpoenaing subscriber information for the IP addresses at issue. In response to Plaintiff's request to take relevant discovery, the Court requested briefing on the issue of personal jurisdiction.[3] Plaintiff only

---

[1] The Court previously ordered these cases related.

[2] Plaintiff may have caused confusion with regard to the number of defendants in this matter by identifying the defendants as "SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON DECEMBER 15, 2011 and DOES 1 and 2", perhaps mistakenly suggesting Plaintiff intended to include more defendants then the specifically identified Does. However, Plaintiff identified the defendants by the HASH and Date in order to distinguish this case from many other separately filed cases that would have also been named *Celestial, Inc. v. Does 1 and 2*. Plaintiff did not and does not intend to include any other defendants (e.g. other infringers who participated in the swarm but who accessed the Internet from outside California). It may have been more precise to caption the case Celestial, Inc. v. Does 1 and 2 *as participants of* SWARM SHARING HASH 8AB508AB0F9EF8B4CDB14C6248F3C96C65BEB882 ON DECEMBER 15, 2011.

[3] The Court also directed that any renewed motion for early discovery must address the issue of joinder. Plaintiff will bring a renewed motion for early discovery but preliminarily notes that Plaintiff only seeks to join several defendants each of whom shared the same hash on the same day. Plaintiff alleges these defendants traded bits of the file with one another thus engaging in contributory infringement for which they are jointly and severally liable (Complaint at ¶44-53) and are therefore properly joined. Previous cases, including those cited in the Court's Order to Show Cause at footnote 3, joined large numbers of defendants who accessed a swarm (or different swarms) over significant periods of time. None of these cases included allegations

included in its Complaint Defendants who accessed the Internet from IP addresses that geolocation tools find are likely to resolve to physical addresses in California. [Declaration of Tobias Fieser in Support of Plaintiff's Response to Order to Show Cause at ¶8 (Fieser Decl.)]

## ARGUMENT

**I. This Matter Should Not Be Dismissed for Lack of Personal Jurisdiction Because Analysis of Personal Jurisdiction Is Premature.**

of contributory infringement.  See, *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)(infringement occurred over a number of weeks and apparently involved participation in different swarms); *On The Cheap, LLC v. Does 1-5011*, C10-4472 BZ, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) (court adopted the reasoning of other opinions, most of which focused on the expanse of time in which the infringement took place and focused on the manageability and fairness issues of joining 5,011 defendants); *SBO Pictures, Inc. v. Does 1-3036*, 11-4220 SC, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011) (in case with 3036 doe defendants, the court relied heavily on the fact that, "Doe Defendants' alleged participation in the same swarm spanned approximately a four-month period from May 2011 through August 2011"); *Hard Drive Productions v. Does 1-33*, C 11-03827 LB, 2011 WL 5325530, at *3 (N.D. Cal. Nov. 3, 2011) ("[T]he court does not believe that permissive joinder is appropriate given the wide range of dates on which the Doe defendants allegedly downloaded and shared the copyrighted work."); *AF Holdings, LLC v. Does 1-97*, C 11-3067 CW, 2011 WL 5195227, at *3 (N.D. Cal. Nov. 1, 2011)("[T]he activity alleged includes ninety-seven defendants, eleven different Internet Service Providers, and a week and a half of activity."); *MCGIP, LLC v. Does 1-149*, C 11-02331 LB, 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011)("[The alleged "chain of data distribution" spans 149 defendants, 14 different ISPs, and 36 separate days between March 28, 2011 and May 11, 2011."); *Boy Racer, Inc. v. Does 1-60*, C 11-01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011)("[T]he Exhibit attached to plaintiff's complaint indicates that defendants were allegedly present in BitTorrent swarms on approximately 18 different dates.").

In the first instance, it is simply premature to fully analyze the issue of personal jurisdiction, which as the name implies, is unique to the person. One cannot analyze the factors relating to personal jurisdiction until Plaintiff identifies and names the Defendant. As explained in Plaintiff's motion for early discovery, the only thing Plaintiff knows about the identity of the Doe Defendants is that on a certain date and time the Defendants accessed the Internet from the identified IP address. Courts considering the issue in similar cases have held that until a Plaintiff has identified defendants and amended the Complaint to name actual parties, personal jurisdiction cannot be fully or properly analyzed.

In *Io Group, Inc. v. Does 1-19*, the court granted plaintiff's motion for early discovery and plaintiff subpoenaed the ISP for subscriber information. *IO Group, Inc. v. Does 1-19*, C 10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010). The subscriber anonymously filed a motion to quash the subpoena and to dismiss the complaint against him based on the lack of personal jurisdiction. The Court denied the motion to dismiss for lack of personal jurisdiction, writing, "[t]he Court, and plaintiff, cannot adequately determine if personal jurisdiction exists until Doe 4 either identifies himself to the Court and plaintiff's counsel or he is identified by [the ISP in response to the subpoena]." *Id*. at *3. *See also*, *Liberty Media Holdings, LLC v. Does 1-62*, 11-CV-575-MMA NLS, 2012 WL 628309, at *3 (S.D. Cal. Feb. 24, 2012)("[i]n the absence of [information about a defendant's connections or lack

3

thereof to California], it is premature to decide whether the Court has personal jurisdiction over unnamed Doe Defendants"); *Call of the Wild, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 347 (D.D.C. 2001)("[A]t this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction."); *London-Sire Records, Inc. v. Doe* 1,542 F. Supp. 2d 153, 180-81 (D. Mass. 2008) (denying motion to quash for lack of personal jurisdiction because jurisdictional discovery might establish a basis for jurisdiction); *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D. NY, 2007)(concluding it would be premature to determine that personal jurisdiction is lacking before the defendant had been identified).

The Court states that Celestial's Complaint would not survive a motion to dismiss for lack of personal jurisdiction. [Order To Show Cause at 5:15-17.] However, the accuracy of this statement depends upon who eventually brings such a motion, which cannot be determined until Plaintiff identifies the Doe Defendants and names them in an amended complaint. *See*, *W. Coast Prods. v. Doe*, 275 F.R.D. 9, 14-15 (D.D.C. 2011)(finding that until plaintiff formally names and serves each defendant, the Court could not be certain whether parties moving to dismiss would be compelled to defend this action as parties).

**II. Plaintiff Filed Its Complaint in This Court Because It Has a Good Faith Belief That the Court Holds Personal Jurisdiction over the Defendants.**

Plaintiff's investigators used geo-locating tools to approximate where the IP addresses used to infringe might be located and the Complaint here only names doe defendants whose IP address likely are to be found in California.  [Fieser Decl, *in passim*]   In granting motions for leave to take early discovery in similar cases, courts have relied on evidence of ip location based on the use of geolocation tools. *See*, *Pink Lotus Entm't, LLC v. Does 1-46*, C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)("Plaintiff also used 'geolocation' technology to trace these IP addresses to a point of origin within the state of California."); *OpenMind Solutions, Inc. v. Does 1-39*, C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) ("Plaintiff indicates that it used geolocation technology to trace these IP addresses to a point of origin within the state of California."); *First Time Videos, LLC v. Does 1-95*, C 11-3822 MEJ, 2011 WL 4724882, at *2 (N.D. Cal. Oct. 7, 2011) ("Plaintiff indicates that it used geolocation technology to trace these IP addresses to a point of origin within the state of California.); *MCGIP, LLC v. Does 1-30*, C11-03680 HRL, 2011 WL 3501720, at *3 (N.D. Cal. Aug. 10, 2011)("Court allowed discovery where "Plaintiff also used "geolocation" technology to trace these IP addresses to a point of origin within the state of California.").

Other courts have relied on geolocation tool results to predict IP addresses presumably would be *outside* of the state where the actions were brought.

*Millenium TGA v. Doe*, 10 C 5603, 2011 WL 7444064 (N.D. Ill. Sept. 26, 2011)(court dismissed case for lack of personal because geolocation tools placed ip address *outside* the district); *People Pictures, LLC v. Group of Participants in Filesharing Swarm Identified by Hash: 43F4CFD05C115EE5887F680B0-CA73B1BA18B434A*, CIV.A. 11-1968 JEB, 2011 WL 6758462 (D.D.C. Dec. 23, 2011)(court issued order to show cause why case should not be dismissed for lack of personal jurisdiction where geolocation tools placed ip address *outside* the jurisdiction); *See also*, Brief of Amicus Curiae Electronic Frontier Foundation in Support of Motion to Quash Subpoena, *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241 (N.D. Ill. 2001) (No. 1:10-cv-06254), at 6 (arguing geolocation tools can determine the likely location of the computers associated with those IP addresses).

With the reasoning of these cases in mind, Plaintiff only named Defendants who accessed the Internet from IP addresses that geo-location tools placed within California.  [Complaint at ¶3; Fieser Decl. at ¶8]

Plaintiff also filed these related matters in its home jurisdiction under the theory that once identified, personal jurisdiction *may* also be established under the "effects test".  A party can establish a defendant purposefully directed his activities towards California using the three-part Calder-effects test.  Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered

in the forum state." *Liberty Media Holding, LLC v. Tabora*, No. 11-cv-651, 2012 WL 28788, at *3 (S.D. Cal. Jan 4, 2012). Although the court in *Tabora*, found the facts did not establish jurisdiction, it only reached that determination *after* the defendant and related facts had been identified. *Id.* at *2-7. Where defendants have not yet been identified, it seems preferable to file the Complaint in a jurisdiction where there was some indications defendants' intentional tortuous acts would cause harm, rather than to select a forum at random.

As noted above, Plaintiff has a good faith belief Doe Defendants accessed the Internet from locations within California based on geolocation tool results. If the Defendant is identified as a California resident, an analysis applying the effects will be moot. If in spite of the indications that jurisdiction is likely to be found, Plaintiff discovers a defendant lives in another state and accordingly dismisses its claims against that defendant, an effects test analysis will also be moot. If the Court is not satisfied that geolocation results are sufficiently reliable to establish a good faith belief that the personal jurisdiction lies in California, it seems reasonable to file the Complaint in Plaintiff's home jurisdiction when at least some factors support a finding of personal jurisdiction based on the effects test and no facts suggest personal jurisdiction is proper elsewhere.

### III. Courts Must Allow Jurisdictional Discovery, If a Party Would Otherwise Suffer Actual and Substantial Prejudice.

Even in cases where a party is already identified, Courts will allow a party to take limited discovery in order that the Court might have sufficient information to properly analyze the question of personal jurisdiction. Failure to allow such discovery where a party will suffer actual and substantial prejudice is an abuse of discretion.

Although discovery is generally not permitted before parties confer pursuant to Rule 26(f), "[w]here pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the acts is necessary' courts should allow for discovery." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977), citing, *Kilpatrick v. Texas & P. Ry.*, 72 F. Supp. 635, 638 (S.D.N.Y.1947). In the Ninth Circuit, a party is not required to present a colorable basis for personal jurisdiction in order to obtain leave to take such jurisdictional discovery. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001) ("It would [...] be counterintuitive to require a plaintiff, prior to conducting [jurisdictional] discovery, to meet the same burden that would be required in order to defeat a motion to dismiss.").

In this matter, the only information currently known about the Defendants suggests that personal jurisdiction is likely to lie in California and no evidence

8

suggests that jurisdiction is proper anywhere else. Limited discovery in the form requested is warranted not only to identify the Defendant, but also to discover facts relevant to personal jurisdictional. Although, Plaintiff did not specifically identify the discovery it requested as jurisdictional in nature, it is apposite that identifying the name and address of the Internet subscriber will likely resolve the question of whether personal jurisdiction lies in California.

The question of whether jurisdictional discovery should be permitted is generally left to the discretion of the trial court. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir.1977), citing *Wells Fargo & Co.* However, it is an abuse of discretion to refuse discovery when such refusal would lead to actual and substantial prejudice to the litigant. *Wells Fargo & Co.* 556 F.2d at 430 n.24, citing *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). *See*, *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir.1984) (Court vacated dismissal because trial court did not allow discovery to establish plaintiff's claims); *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir.1977)(court vacated dismissal and allowed discovery on subject matter jurisdiction). *See also*, *Marshall v. McCown Deleeuw & Co.*, 391F.Supp.2d 880, 882 (D. Idaho 2005)(relying on *Wells Fargo & Co*. and *Data Disc, Inc.*, district court allowed discovery of facts to show alter ego status of one defendant in order to establish personal jurisdiction).

In this matter, denying discovery would prevent Plaintiff from proceeding in any jurisdiction, leading to actual and substantial prejudice.

## CONCLUSION

The Court should not dismiss this matter for lack of personal jurisdiction because personal jurisdiction is specific to yet to be identified defendants; the limited known facts indicate jurisdiction is most likely to lie in California; and it would be an abuse of discretion to dismiss this matter without first allowing Plaintiff to take jurisdictional discovery because Plaintiff would suffer actual and substantial prejudice if not allowed to take such discovery.

As Plaintiff has adequately addresses personal jurisdiction , it will move again for early discovery.

Respectfully submitted,

Dated:   *3/29/2012*                    */s/ D. Gill Sperlein*
                                        _____
                                        GILL SPERLEIN
                                        Attorney for Plaintiff CELESTIAL, INC.